IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00744-PAB-MEH

SUNSAVER RETRACTABLE AWNINGS, INC.,
a Colorado corporation

      Plaintiff,

v.

SUNESTA PRODUCTS, LLC, d/b/a SUNESTA,
a Florida limited liability company,

      Defendant.

## PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of the information contained in certain documents produced as between Plaintiff, Defendant, and/or possibly third persons, IT IS ORDERED THAT:

1. Documents to be produced by any party to this action or third persons during discovery in this matter which contain confidential or proprietary information, including but not limited to financial information and documents which contain information that one party could potentially use to the competitive disadvantage of another, and all information derived from such documents, including but not limited to extracts, memoranda, notes, and correspondence quoting from or summarizing such information, shall hereafter be referred to as "Protected Documents." When used in this Protective Order, the word "documents" is used in its broadest sense under the Federal Rules of Civil Procedure and includes electronically stored information. Except as otherwise indicated below, documents designated by the producing party as either or both

"Confidential – Subject to Protective Order," or similar phrase, or "For Attorney Eyes Only" that are produced in this action shall be Protected Documents and given confidential treatment as described below.

2. Both the Protected Documents and the information contained therein shall be treated as confidential and shall be used solely for the purpose of prosecuting or defending this action. Except upon the prior written consent of the producing party, or upon further order of the Court, the Protected Documents or information contained therein which are designated as "For Attorney Eyes Only" may be shown, disseminated, discussed or disclosed only to the following persons:

    a. Counsel or record in this action, other members of counsel's law firm, and any other counsel associated to assist in the preparation or trial of this action;

    b. Employees of counsel of record or of associated counsel who assist in the preparation or trial of this action;

    c. Outside experts and consultants retained by any party in good faith for the preparation or trial of this action, provided that no disclosure shall be made to any expert or consultant who is directly employed by Plaintiff or a direct competitor of Defendants or its subsidiaries or successors;

    d. Current or former employees or agents of the party or person who produced the Protected Document;

    e. Stenographic reporters engaged for depositions or proceedings necessary to this action;

    f. Employees of outside copy services used to make copies of Protected Documents; and

    g. The Court and its staff.

3. Except upon the prior written consent of the producing party and the party which is

the subject of the information, or upon further order of the Court, the Protected Documents or information contained therein which are designated "Confidential – Subject to Protective Order," or similar phrase, and which are not designated as "For Attorney Eyes Only," may be shown, disseminated, discussed, or disclosed only to the persons identified in subparagraphs (a) through (g) of paragraph 2 above and to the parties to this action.

4. Before receiving access to any of the Protected Documents, or the information contained therein, that was produced by an opposing party, each person described in subparagraphs 2(c) and 2(e) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing to be bound by its terms and to be subject to the jurisdiction of this Court, by either signing a copy of this Protective Order or a declaration in the form attached as Exhibit 1 or, if during a deposition, then by oral declaration on the record in substantially the same language as Exhibit 1.

5. Nothing in this Protective Order shall relieve any former employee of any producing party or third person of any previous existing obligations to maintain in confidence information or documents obtained in the course of his or her employment.

6. Prior to designating any material as "Confidential – Subject to Protective Order" or "For Attorney Eyes Only," an attorney for the producing party will make a bona fide determination that the material is, in fact, subject to the Protective Order, based on a good faith belief that the material is subject to the Protective Order or otherwise entitled to protection. If a receiving party disagrees with the designation of any document, it will so notify the producing party in writing and, if the parties cannot resolve the issue within twenty calendar (20) days of the producing party's receipt of the notice, it shall be the obligation of the producing party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms

of this Protective Order.  The party who designated a document as "Confidential – Subject to Protective Order" or "For Attorney Eyes Only" has the burden of proving good cause exists for a document to come within the protection of or be subject to this Protective Order.  If the producing party files a timely motion, the objecting party will treat any document so-marked as "Confidential – Subject to Protective Order" or "For Attorney Eyes Only," as originally designated, until the Court enters a contrary ruling on the matter.  If the producing party fails to file a timely motion, the disputed information shall lose its "Confidential – Subject to Protective Order" or "For Attorney Eyes Only," designation.  Related to particular attempt to resolve a disagreement regarding designation, the parties may agree to extend the twenty calendar day time limit listed in this paragraph without further order of the Court.

7. To the extent that a party seeks to use Protected Documents or information contained therein in any filing with the Court, it shall notify the producing party in writing.  The parties shall confer in good faith about whether the interest in question may be protected by a less restrictive alternative to a motion to seal.  Such less restrictive alternatives include redaction or summarization of the confidential information.  If the parties agree that a less restrictive alternative is practicable, such alternative shall be employed.  To the extent that the parties can not agree that a less restrictive alternative is practicable, the producing or designating party shall file a motion to seal the Protected Documents or information contained therein in accordance with D.C.COLO.LCivR 7.2.

8. Counsel for each party will maintain a list of all persons who were provided with any Protected Document or thing or information contained therein that was provided by the opposing party, along with the signed Protective Order or declaration, where applicable.  The list and each signed Protective Order or declaration shall be available for inspection by the Court and, at the conclusion of this action, by the producing party.

9. The inadvertent or unintentional disclosure or production of any document or information designated under this Protective Order shall be without prejudice to any claim that the material is privileged or is protected from discovery as work product, and the parties shall not be held to have waived any privilege or work product claims by such inadvertent or unintentional disclosure or production. The parties therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the disclosing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the disclosing party. The receiving party shall return to the disclosing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document or thing has been improperly designated or should be producible for other reasons than a waiver caused by the inadvertent production. The receiving party may keep one copy of such material for the sole purpose of filing a motion to compel the production of the materials for reasons other than a waiver caused by the inadvertent production; however, absent a favorable ruling on the motion by the Court, such copy shall be treated as if designated "For Attorney Eyes Only," and no further use shall be made nor shall be made of the document or the information contained therein until the Court rules on the motion. In the event that the Court denies the motion to compel, the receiving party shall return the copy of the inadvertently produced materials to the producing party.

10. Within sixty (60) days after final termination of this action, counsel shall return to the producing party the Protected Documents and all copies of those documents in the possession

of counsel, his or her clients, and counsel's clients' consulting and testifying experts. Counsel shall certify in writing that all such documents and copies thereof have been returned to the producing party and each expert who received copies of such documents shall also certify that he or she has destroyed all notes, memoranda or other documents created by that expert from or containing information contained in the Protected Documents.

11. All parties reserve the right to apply to the Court for an order modifying or amending the terms of this Protective Order, either upon consent of all other parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

12. After the termination of these matters, the provisions of this Protective Order shall continue to be binding.

13. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated in Denver, Colorado this 10th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

SO STIPULATED:

| | |
|---|---|
| s/Daniel F. Warden | s/René M. Fix |
| Daniel F. Warden | René M. Fix |
| Bond & Morris, P.C. | 1301 Riverplace Blvd., Suite 1500 |
| 303 E. 17th Ave., Suite 888 | Jacksonville, FL 32207 |
| Denver, CO 80203 | Phone: (904) 398-3911 |
| Phone: (303) 837-9222 | rfix@rtlaw.com |
| danwarden@bondmorris.com | |

_Attorney for Plaintiff_

_Attorney for Defendant_