IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00744-PAB-MEH

SUNSAVER RETRACTABLE AWNINGS, INC., a Colorado corporation,

    Plaintiff,

v.

SUNESTA PRODUCTS, LLC,
dba SUNESTA, a Florida limited liability company,

    Defendant.

## ORDER GRANTING MOTION TO REMAND

This matter is before the Court on plaintiff's motion to remand ("Mot.") [Docket No. 6]. The motion is fully briefed and ripe for disposition.

On January 19, 2010, plaintiff filed this lawsuit against defendant in the District Court in Arapahoe County, Colorado. Defendant removed the case to this Court on February 22, 2010, representing in a signed pleading that "the amount in controversy exceeds $75,000." *See* Docket No. 1 in Case No. 10-cv-00393-CMA, at 2, ¶ 3. On February 25, 2010, Judge Christine M. Arguello *sua sponte* remanded the case to the state court because defendant, in relying solely on the state court Civil Cover Sheet, had failed to establish the amount in controversy requirement of 28 U.S.C. § 1332(a). *See* Docket No. 7 in Case No. 10-cv-00393-CMA, at 3.

Despite defendant's prior representation regarding the amount in controversy, defendant now admits that "[a]t the time of filing its Notice of Removal [in 09-cv-00393], Defendant could not determine from the face of the complaint the extent of damages

sought by the Plaintiff."  Docket No. 1 at 2, ¶ 4.  Defendant now claims that it first ascertained that the amount in controversy exceeds $75,000 upon receiving plaintiff's brief in response to defendant's motion for judgment on the pleadings on March 15, 2010 ("response brief").  On March 31, defendant filed an amended notice of removal ("Am. Notice") [Docket No. 1].

Defendant attempts to establish that it first had reason to know the amount in controversy on March 15 (1) by claiming that was when plaintiff first alleged that plaintiff was entitled to continue its status as an exclusive dealer of defendant's products so long as plaintiff promoted those products and (2) by reference to plaintiff's revenue figures in light of that theory and the likely duration of a trial.  *See* Am. Notice [Docket No. 1] at 4-5, ¶¶ 13-18.  The record reveals, however, that this information was available to defendant at the time plaintiff filed its complaint.

Defendant claims that plaintiff advanced a "new" theory in the response brief that increased the amount in controversy, namely, that the agreement between the parties was not "at will."  *See* Docket No. 1-5 at 17 (where plaintiff cites in its response brief a November 2005 letter that allegedly demonstrates that "Sunsaver's agreement with Sunesta was not terminable at will").  Defendant argues that, now that it knows plaintiff believes the contract was not "at will," plaintiff's damages will potentially consist of many multiples of its annual lost revenues going into the future, which will exceed $75,000.

Defendant's contention ignores the allegations in the complaint, which reveal plaintiff's belief that it could not be terminated without cause and that it would be permitted to remain an exclusive dealer so long as it promoted defendant's products.

*See* Docket No. 1-2 at 6, ¶ 11 ("To induce Sunsaver to continue to operate as a Sunesta dealer, Sunesta granted Sunsaver an exclusive market area."); 6, ¶ 12-13 (relying upon and quoting the November 2005 letter); 7, ¶ 14 (alleging that "based upon Sunesta's [November 2005] promise that it could retain the exclusive sales rights for Sunesta products, Sunsaver invested heavily in advertising and promoting Sunesta's products in Colorado"); 7, ¶ 19 ("Sunsaver continued to promote and advertise Sunesta products."); 7, ¶ 20 (contending that the sale of products by other manufacturers was done by other dealers of defendant's products and that defendant never "said or implied that the dealers were forbidden from representing other manufacturers"); 7-8, ¶¶ 22-24 (alleging that defendant's reasons for termination were pretextual and inadequate). After advancing these allegations, plaintiff, in its first claim for relief, seeks recovery for the wrongful termination of its status as a dealer of defendant's products. *See* Docket No. 1-2 at 8, ¶ 32.B.[1] Plaintiff's response brief merely identified the document upon which these averments rest; it did not advance any new theory of recovery that altered the analysis of the amount in controversy.

As another basis for its contention that defendant learned in March 2010 that the amount of damages was greater than $75,000, defendant states that it "had general knowledge of Plaintiff's sales and profit margins, but without knowing how long Plaintiff

---

[1]Plaintiff's belief that the contract was not "at will" is further revealed by the complaint's third claim for relief, which advances an alternative basis for recovery: "*To the extent that Sunesta had the discretionary authority to terminate its agreement with Sunsaver*, it was required to exercise that authority and discretion in good faith." Docket No. 1-2 at 9, ¶ 38. The clear implication is that plaintiff did not believe Sunesta had unfettered discretion to terminate the relationship.

alleges the relationship should have lasted under its various theories, any attempt to calculate damages would constitute pure speculation." Docket No. 8 at 12. However, given that defendant had general knowledge of plaintiff's sales figures and given that the Complaint put defendant on notice of plaintiff's theory that the contract was terminable "at will," defendant should have known from the outset that the amount in controversy exceeded $75,000.

Defendant filed the Amended Notice of Removal more than thirty days after the complaint was filed in the state court action. Thus, defendant's removal is untimely. *See* 28 U.S.C. § 1446(b). Plaintiff met its procedural obligations by filing a motion to remand within the thirty days of the removal notice. *See* 28 U.S.C. § 1447(c) (2006) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Remand is therefore appropriate. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) ("[U]ntimely removal [is] precisely the type of removal defect contemplated by § 1447(c)."). It is

**ORDERED** that plaintiff's motion to remand [Docket No. 6] is GRANTED. This case is REMANDED to the District Court, Arapahoe County, Colorado, where it was filed originally as Case No. 2010CV156.

DATED July 7, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge